**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3377
_____

DYNZA MACKEY,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A027-723-646)
Immigration Judge: Adam Panopoulos
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2025

Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 13, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Pro se petitioner Dynza Mackey seeks review of a final order of removal. For the reasons that follow, we will deny the petition for review.

I.

Mackey is a citizen of the Bahamas. He entered the United States in 1978 on a non-immigrant visa and remained here. In 2023, DHS served Mackey with a Notice to Appear, alleging that he overstayed his visa. In his deportation proceedings, Mackey claimed to have been granted lawful permanent resident ("LPR") status and, as a result, wrongly charged with removability. He also filed a Form I-360 petition with the United States Citizenship and Immigration Services ("USCIS"), requesting classification as the abused spouse of a U.S. citizen.

After several hearings, an immigration judge ("IJ") concluded that Mackey had not shown that he was an LPR and that he was thus removable for the reason given by DHS.[1] USCIS denied Mackey's I-360 petition before the IJ rendered his decision; the denial explained the appeal process within USCIS.

---

[1] The IJ also denied Mackey's request for voluntary departure and his request for a continuance. Mackey does not address these decisions in his opening brief and has thus forfeited any challenge to them. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). To the extent that Mackey seeks to raise challenges regarding these or any other issues for the first time in his reply brief, we do not consider them. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

Mackey appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed his appeal. Mackey has timely petitioned for review.[2]

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the IJ's and BIA's decisions together, as the BIA both relied on the IJ's conclusions and provided its own analysis. See Thayalan v. Att'y Gen., 997 F.3d 132, 137 (3d Cir. 2021). We review factual findings for substantial evidence and may not disturb them "unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (citation omitted). We review legal rulings de novo. See Manuel-Soto v. Att'y Gen., 121 F.4th 468, 471 (3d Cir. 2024).

## III.

Mackey challenges the agency's conclusion that he never adjusted his status to become an LPR. He maintains that documents in the record support his position and, in the alternative, that he detrimentally relied on a representation by the agency that led him to believe he was an LPR.

The administrative record does not support Mackey's arguments. Although the record shows that Mackey filed an application for adjustment of status and that his wife filed an I-130 petition on his behalf, both were denied in 1990. Those decisions stated

---

[2] After filing his petition for review, Mackey sought a stay of removal, which we denied. He has since been removed.

3

that the denials were for lack of prosecution.

Mackey contends that a set of documents in the record — three copies of Form I-181, a Memorandum of Creation of Record of Lawful Permanent Residence — support his position. These documents are partially filled out with some of Mackey's information but are not signed, formally dated, or stamped by any agency authority. There is nothing to indicate that these documents were ever finalized by the agency, as DHS argued before the IJ. There are medical records that appear to have been submitted in support of Mackey's application, but no information about a personal interview. There are no other documents in the record to suggest that Mackey's application was ever granted, and DHS represented that it had no such information in its files.

Instead, the record contains letters explicitly denying Mackey's application and the application filed on his behalf by his wife. Accordingly, substantial evidence supports the agency's factual determination that Mackey was never granted LPR status.[3] See Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (en banc) (considering whether an agency factual finding is "supported by reasonable, substantial, and probative evidence on the record considered as a whole" in reviewing for substantial evidence)

---

[3] At an early hearing, the IJ initially thought that Mackey's claim regarding his LPR status had merit based on the limited record that was available. Mackey argues that those initial comments by the IJ provide support for his argument. However, the IJ gave DHS an opportunity to go through the paper record and provide any additional relevant documentation. Once all the documentation was submitted, it became clear that Mackey's applications to adjust his status were never granted. Mackey conceded during a subsequent hearing that he never received a green card.

(citation omitted).

Next, Mackey argues that he detrimentally relied on a representation by the agency such that he thought he was an LPR. "To prevail on . . . a claim [of equitable estoppel], the plaintiff must establish (1) a misrepresentation; (2) upon which he reasonably relied; (3) to his detriment; and (4) affirmative misconduct." Lall v. DHS, 117 F.4th 87, 95 (3d Cir. 2024) (internal quotation marks and citation omitted).

Mackey claims that on February 11, 1986, an agency official told him at a scheduled appointment that his LPR application was granted. However, he has provided no evidence in support of his argument, and the record contradicts it. Mackey received an extension of his employment authorization on February 24, 1986 — stamped by the district director after his February 11, 1986 appointment — and was told to come back for another appointment in March 1986. The notice stated that his application or petition would be deemed abandoned if he failed to respond. Mackey also wrote to the agency in October 1989 stating that he had not had an appointment on his application since 1987, explaining that his employment authorization had expired several times and that he needed to have his final appointment. Accordingly, there is no evidence that the agency made a misrepresentation about Mackey's status or engaged in any affirmative misconduct.[4]

---

[4] Mackey vaguely claims that the issue of his LPR status was raised and decided by the United States District Court for the Western District of Pennsylvania in the course of adjudicating his habeas petition under 28 U.S.C. § 2241. However, it does not appear

5

Mackey also sought to challenge the denial of his I-360 petition, but his petition was denied by USCIS, and those denials go through a separate administrative appeals process, as was explained to Mackey in his denial letter. See 8 C.F.R § 1003.3(a)(2). Finally, Mackey sought review of his detention and the denial of bond, which he needed to raise in a separate bond appeal or in a habeas proceeding. See 8 C.F.R. § 1003.19. The BIA appropriately declined to consider these issues.[5]

Accordingly, we will deny Mackey's petition for review.

---

that this issue was ever addressed in those proceedings. Rather, in its order regarding the bond hearing Mackey requested, the District Court explained that it had no jurisdiction over any challenge Mackey sought to raise relating to the adjudication of his removal proceedings.

[5] Although Mackey mentions due process concerns in his brief, he does not explain how he believes the agency violated his due process rights in these proceedings, and no constitutional violation is apparent from the record. See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010) ("To establish a violation of due process, . . . petitioners must show that substantial prejudice resulted from the alleged procedural errors.").